```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**BETTY SHERRILL,**

    **Petitioner,**

v.                                    **CIVIL ACTION NO. 1:05-0098**

**WARDEN DEBORAH HICKEY,**

    **Respondent.**


<u>**MEMORANDUM OPINION**</u>

On February 4, 2005, petitioner filed a petition under 28 U.S.C. § 2241 contending a term of incarceration that was imposed upon her on November 19, 1997, was unconstitutional.[1] (<u>See</u> Doc. No. 1 at 2.)  Petitioner supports this contention through recourse to the Supreme Court's holding in <u>Blakely v. Washington</u>, 542 U.S. 65, 68 (2004), which held that imposition of a sentencing enhancement based solely on the findings of a sentencing court violated a defendant's rights under the Sixth Amendment to the United States Constitution.[2]  (<u>See</u> <u>id.</u> at 3.)

---

[1] By Standing Order, this case was initially referred to a magistrate judge for preparation of proposed findings and recommendation as to disposition.  (Doc. No. 2.)  To expedite this case's disposition, the court hereby **VACATES** the Standing Order, only as applied to this case.

[2] Since the time petitioner filed her claim, the Supreme Court decided <u>United States v. Booker</u>, 543 U.S. 220 (2005), which applied <u>Blakely</u> to the federal sentencing guidelines.

28 U.S.C. § 1915A(a) directs courts to review complaints filed by prisoners against the government "before docketing, if feasible or . . . as soon as practicable after docketing" to ascertain whether they contain valid claims.  Section 1915A(b)(1) directs the court to dismiss any complaint, or portions of any complaint, which contain claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted."  Id.

In United States v. Morris, 429 F.3d 65, 69-72 (4th Cir. 2005), the Fourth Circuit held that the decisions in Blakely and Booker are not available for post-conviction relief for federal prisoners whose convictions became final before Blakely and Booker were decided.  See also United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005) (listing appellate decisions finding that Booker does not apply retroactively).  The Morris holding bars petitioner's claim in its entirety because petitioner's conviction was final at the time Blakely was handed down in June 2004.  As such, this claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Because this case fails to state a claim upon which relief can be granted, in a Judgment Order filed herewith, the court: (1) **DISMISSES** petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1); and (2) **DIRECTS** the Clerk to remove this action from the active docket of this court and to forward a

certified copy of this Memorandum Opinion to all counsel of record and the petitioner, pro se.

IT IS SO ORDERED this 13th day of July, 2006.

                                                          ENTER:

                                        David A. Faber
                                        Chief Judge